# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CESAR HERRERA, )
 )
              Plaintiff, )
 )
v. ) Case No. 09-2290-EFM-DWB
 )
ASSOCIATED WHOLESALE GROCERS, )
INC., and CHRISTOPHER GRIFFIN, )
 )
              Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Compel, filed on February 2, 2010. (Doc. 11.) Plaintiff did not file a response, and the time for any response has expired. *See* D. Kan. Rule 6.1(d)(1) (revised 12/1/2009) (responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Plaintiff filed his Complaint on June 5, 2009, alleging discrimination by Defendants in the termination of his employment. (*See generally*, Doc. 1.) A Scheduling Order was entered by the Court on November 17, 2009, which set out deadlines of December 1, 2009, to exchange Rule 26 initial disclosures, and January 29, 2010, to complete mediation. (Doc. 7, at 1-2.)

At the time Defendants filed their Motion to Compel, Plaintiff had not made any initial Rule 26 disclosures and had not cooperated with Defendants to schedule a mediation within the time limits set in the scheduling order. However, on February 18, 2010, Plaintiff did file a certificate stating that he had served his initial Rule 26 disclosures that day. (Doc. 13.) There is no evidence as to whether Plaintiff has responded to Defendants' inquiries regarding the scheduling of mediation.

In addition, Defendants served their First Set of Interrogatories and First Requests for Production of Documents to Plaintiff on December 1, 2009. (Doc. 8.) Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses should have been filed on or before January 4, 2010. As of the filing of Defendants' Motion to Compel, Plaintiff had not served the required discovery responses. (Doc. 12, at 2.) However, on February 19, 2010, Plaintiff filed a certificate stating that he had served his answers to Defendant's interrogatories that day. (Doc. 14.) There is no indication that Plaintiff has produced the documents that are responsive to Defendant's document requests.

## DISCUSSION

Defendants bring the present motion pursuant to Fed. R. Civ. P. 33, 34, and 37(a)(3)(A) and (B), and District Court of Kansas Local Rule 37.1 for an Order

compelling Plaintiff to provide his Rule 26 Initial Disclosures and fully respond to the discovery requests at issue. Because Plaintiff has now certified that he has served both his Rule 26 disclosures and his answers to interrogatories, the motion appears to be moot as to those two issues. Plaintiff has filed nothing since receiving the initial disclosures and answers to interrogatories that would indicate whether these documents were somehow deficient or contained unsupported objections. However, there is still no indication that Plaintiff has produced the documents requested by Defendant's document requests. Therefore, rather than simply finding the motion to compel to be partially moot, the Court will grant the motion in its entirety.[1]

Defendants also seek an Order compelling Plaintiff "to engage in selection of a mediator immediately or relieve the parties from the mediation requirement . . ." (Doc. 12, at 8.) Defendant's counsel was to notify the Court by December 13, 2009, as to the date of the mediation and the name of the mediator, and the mediation was to be completed not later than January 29, 2010. (Doc. 7, at 1-2.)

---

[1] The Court finds that the motion to compel was timely filed, and that Defendants complied with the duty to confer imposed by D. Kan. Local Rule 37.2. (*See* Doc. 12, at 2-4, detailing Defendants' efforts to confer with Plaintiff's counsel.) Because Plaintiff did not respond to Plaintiff's motion to compel, the motion will be considered and decided as an uncontested motion, and will be granted without further notice." *See* D.Kan. Rule 7.4.

The Court currently has no information concerning the parties discussion, if any, about mediation. Therefore, <u>Plaintiff's counsel shall advise the court, in writing, not later than March 31, 2010, whether a mediation has been scheduled and if so, the name of the mediator.</u> If the parties have not at least made arrangements to schedule a mediation by March 31, 2010, the Court will take up the issue of mediation at the pretrial conference in this case which is scheduled for May 27, 2010.

Finally, Defendants seek attorneys' fees and costs relating to their motion. (*Id.*) Fed. R. Civ. P. 37 provides that a court may impose sanctions against a party who fails to provide discovery. With reference to expenses and attorney's fees, Rule 37(a)(5)(A) provides:

> If the motion is granted – <u>or if the disclosure or requested discovery is provided after the motion was filed</u> – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. (emphasis added).

The Court "must not order this payment" if it finds that motion was filed before the movant met its duty to confer, or the failure to disclose was "substantially justified," or that "other circumstances make an award of expenses unjust." (*Id.*)

In the present matter, an award of costs and expenses appears warranted. As

4

discussed above, Defendants complied with their duty to confer. (Doc. 12, at 2-4.) Further, because Plaintiff failed to respond to Defendants' motion, he has not even attempted to show a substantial justification for the failure to provide discovery and has not shown any circumstances that would make an award of expenses unjust. Plaintiff's failures to provide initial disclosures, respond to Defendants' discovery requests, and to engage in discussions regarding mediation have unnecessarily delayed this action. The Court finds an award of <u>reasonable</u> costs and expenses incurred by Defendants in the filing of the present motion to be just and appropriate.

The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. ***National Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer." ***White v. GMC***, 908 F.2d 675, 685 (10th Cir. 1990).

The Court instructs Defendants to submit an accounting of the costs and legal fees (including supporting documentation such as attorney time sheets) they sustained in regard to drafting and filing their Motion to Compel (Doc. 12) no later than **March 31, 2010**. Thereafter, Plaintiff will have until **April 16, 2010**, to

respond to Defendants' filing. Should Plaintiff desire a hearing on the issue of sanctions, he should so indicate in his response.[2]

**IT IS THEREFORE ORDERED**, that Defendants' Motion to Compel (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than **March 31, 2010**, provide a written report to the Court stating whether a date for a mediation conference has been set and if so, who will conduct the conference.

**IT IS FURTHER ORDERED** that sanctions be imposed as directed herein after consideration of supplemental filings allowed by this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 16th day of March, 2010.

    s/ DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    United States Magistrate Judge

---

[2] While the Court will not require it, the parties should consider the possibility of meeting and conferring to see if they could agree on the amount of any claimed fees and expenses. This is particularly appropriate where, as here, the motion to compel was neither lengthy nor complicated.