# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CESAR HERRERA,                    )
                                  )
                    Plaintiff,    )
                                  )
v.                                )     Case No. 09-2290-EFM-DWB
                                  )
ASSOCIATED WHOLESALE GROCERS,     )
INC., and CHRISTOPHER GRIFFIN,    )
                                  )
                    Defendants.   )
_____ )

## MEMORANDUM AND ORDER

By Memorandum and Order filed March 16, 2010 (Doc. 16), the Court granted Defendants' Motion to Compel. (Doc. 11.) The Court also concluded that Defendants were entitled to an award of attorneys fees and expenses for the filing of the motion to compel, and directed Defendants to submit an accounting of the costs and legal fees (including supporting documentation such as attorney time sheets) they sustained in regard to drafting and filing their motion to compel no later than March 31, 2010. Thereafter, Plaintiff was given until April 16, 2010, to respond to Defendants' filing and he was further advised that if Plaintiff desired a hearing on the issue of sanctions, he should so indicate in his response.

Defendants subsequently submitted a timely accounting to the Court requesting fees in the amount of $2,631.00 for services performed by two attorneys

and a paralegal in preparation of the motion to compel. Plaintiff did not file a response and did not request a hearing, and the time for any response has expired.

## DISCUSSION

Rule 37(a)(5)(A) deals with an award of attorneys fees and expenses and provides:

> If the motion is granted – <u>or if the disclosure or requested discovery is provided after the motion was filed</u> – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. (emphasis added).[1]

The Court "must not order this payment" if it finds that motion was filed before the movant met its duty to confer, or the failure to disclose was "substantially justified," or that "other circumstances make an award of expenses unjust." (*Id*.)

As the Court noted in its prior Memorandum and Order, the purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. ***National Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction award should be that amount reasonably necessary to deter

---

[1] Defendants' supporting memorandum quotes this provision, but incorrectly cites it as Fed. R. Civ. P. 37(a)(4) rather than Rule 37(a)(5).

the wrongdoer." ***White v. GMC***, 908 F.2d 675, 685 (10th Cir. 1990).

The Court first notes that this motion to compel was reasonably simply in nature. It did not involve considerations of relevancy, privilege, or other similar legal issues. Instead, it involved a situation where the Plaintiff wholly failed to comply with deadlines for submission of Rule 26(a) disclosures. As such, the factual recitation necessary to support the motion to compel was not lengthy, and, in fact, the factual recitation in the motion and again in the memorandum were essentially duplicated. Also, the motion should require little legal research beyond a mere review of the applicable Federal Rules of Civil Procedure. This is evidenced by the fact that Defendants' brief cited only three cases. The supporting memorandum was a total of 7½ pages in length, of which four pages were the regurgitation of the facts set out in the motion. For this work, Defendants state that they expended 1.1 hours of a partner's time, 10 hours of an associate's time, and 0.6 hours of time for a paralegal. The hourly fees requested for attorneys range from $220 per hour to $310 per hour.

While sanctions should be sufficient to deter other potential wrongdoers from engaging in similar conduct, the amount of any sanction must be reasonable. Here the Court concludes that this relatively straightforward motion to compel should have required no more than a couple of hours to research and draft. Also,

the nature of the motion suggests that it could effectively be done by an associate without significant input from a senior attorney or from the client. Accordingly, the Court concludes that the sanction to be paid by Plaintiff's counsel[2] in this case should be $660.00, representing three hours of time by an associate billing at the rate of $220 per hour. The Court finds that this amount is sufficient to meet the objectives of any imposition of sanctions.

**IT IS THEREFORE ORDERED**, that Plaintiff's counsel shall pay to Defendants' an award of $660.00 representing sanctions pursuant to Fed. R. Civ. P. 37(a)(5), and that this sum shall be paid within thirty (30) days.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 23rd day of April, 2010.

    s/ DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    United States Magistrate Judge

---

[2] Plaintiff has not come forward with any factual basis to assess this sanction against the Plaintiff himself as compared to his counsel. This is further justified by the fact that counsel should have been aware that if he was having difficulty obtaining the necessary information from his client to produce the Rule 26(a) disclosures, he could have filed a motion seeking additional time to make those disclosures. He did not do so.